UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANUEL FERNANDEZ VARGAS            CIVIL ACTION

VERSUS

SPECIALTY INDUSTRIAL, LLC            25-00214-SDD-SDJ

**RULING AND ORDER**

Before the Court is Plaintiff Manuel Fernandez Vargas's ("Plaintiff") *Motion to Strike Affirmative Defenses*.[1] In response to the *Motion to Strike*, Defendant Specialty Industrial, LLC ("Defendant") filed an *Opposition*.[2] Plaintiff did not file a *Reply*. For the reasons addressed herein, the Court will DENY Plaintiff's *Motion to Strike Affirmative Defenses*.[3]

**I.   BACKGROUND**

Plaintiff brought this proposed collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*[4] Plaintiff alleges he and members of the proposed collective were laborers employed by Defendant.[5] Plaintiff's claims arise from Defendant's alleged misclassification of employees as independent contractors and failure to pay those employees overtime wages.[6] Plaintiff filed suit against Defendant in this Court on

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 10.
[3] Rec. Doc. 7.
[4] Rec. Doc. 1, ¶ 1.
[5] *Id.* at ¶ 12.
[6] *Id.* at ¶¶ 34–36.

March 13, 2025.[7] Defendant filed its *Answer to Complaint*, in which it alleged affirmative defenses, on March 24, 2025.[8]

On May 1, 2025, Plaintiff filed a *Motion to Strike Affirmative Defenses*.[9] He claims the following defenses are insufficient as a matter of law and should be stricken: unclean hands, negligence, failure to mitigate, assumption of the risk, estoppel, and offset/set-off.[10] He also argues that the affirmative defenses in paragraphs 3, 5, 8, 9, 10, 11, 12, and 13 lack sufficient specificity to survive dismissal.[11] Plaintiff also alternatively moves for a more definite statement of Defendant's affirmative defenses.[12] Defendant opposed the *Motion*, claiming the motion is untimely, does not show prejudicial harm, and fails to establish that the contested defenses lack any possible relation to the controversy.[13]

## II. LAW AND ANALYSIS

### A. Rule 12(f) Motion to Strike Affirmative Defenses

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a pleading is generally disfavored, but a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.[14] Still, it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the

---

[7] Rec. Doc. 1.
[8] Rec. Doc. 4.
[9] Rec. Doc. 7. Plaintiff states that he brings the *Motion to Strike* pursuant to Rules 8, 12(b)(1), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure. *Id.*; Rec. Doc. 7-1, p. 1. However, Plaintiff raises no arguments under Rule 12(b)(1) or Rule 12(b)(6), so the Court will not analyze the *Motion* under either of those Rules.
[10] Rec. Doc. 7-1, pp. 4–8.
[11] *Id.* at pp. 8–12.
[12] *Id.* at pp. 1, 12.
[13] Rec. Doc. 10, pp. 4–12.
[14] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

controversy."[15] "'[E]ven when technically appropriate and well-founded,' motions to strike are not be granted 'in the absence of a showing of prejudice to the moving party.'"[16]

Defendant urges the Court to deny Plaintiff's *Motion* without considering the merits because the *Motion* is untimely.[17] The Court may act on a motion to strike "made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[18] Rule 7(a) does not permit a responsive pleading to an affirmative defense or an answer unless the Court orders one.[19] The Court has not ordered Plaintiff to file a response to Defendant's *Answer*/affirmative defenses. Plaintiff, therefore, had 21 days from the docketing of the *Answer* to file his *Motion to Strike*. The *Answer* alleging the affirmative defenses at issue was docketed on March 24, 2025,[20] and Plaintiff filed the instant *Motion to Strike* 38 days later, on May 1, 2025.[21] Therefore, Plaintiff's *Motion to Strike* is untimely and should be denied.[22]

Furthermore, even if the *Motion* was timely, Plaintiff has not demonstrated that he would be prejudiced if the Court denied the *Motion* and left the determination of the affirmative defenses' sufficiency for later in the litigation. Without such a showing, the

---

[15] *Entergy Gulf States La., LLC v. La. Generating, LLC*, No. 14-385-SDD-RLB, 2021 WL 1216514, at *1 (M.D. La. Mar. 1, 2021) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted)); *see also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).
[16] *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d. ed. 2004)).
[17] Rec. Doc. 10, pp. 4–5.
[18] Fed. R. Civ. P. 12(f)(2).
[19] Fed. R. Civ. P. 7(a)(7).
[20] Rec. Doc. 4.
[21] Rec. Doc. 7.
[22] *See MSHB Restaurant, LLC v. Nepal Bus. Inv., LLC*, No. 4:24-cv-1973, 2025 WL 2461662, at *3 (S.D. Tex. Aug. 11, 2025) (finding a motion to strike should be denied for untimeliness when it was filed over two months after the answer and affirmative defenses were filed); *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2017 WL 1508183, at *1 (finding a motion to strike defenses should be denied for untimeliness when it was filed almost two months after the answer was filed).

Court should not grant the motion and should "leave the sufficiency of the allegations for a determination on the merits" later in the case.[23] Thus, the *Motion to Strike* is DENIED.

### B. Rule 12(e) Motion for a More Definite Statement

Plaintiff alternatively moves under Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of Defendant's affirmative defenses.[24] Rule 12(e) allows a party to "move for a more definite statement of a pleading *to which a responsive pleading is allowed.*"[25] As explained above, a response to Defendant's *Answer*/affirmative defenses is not permitted in this case. Therefore, Rule 12(e) is inapplicable to Defendant's affirmative defenses,[26] and the alternative motion for a more definite statement is DENIED.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Strike Affirmative Defenses* filed by Plaintiff Manuel Fernandez Vargas is hereby DENIED.[27]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 4, 2025.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[23] *Mears*, 2017 WL 1508183, at *1 (quoting *Augustus v. Bd. of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).
[24] Rec. Doc. 7.
[25] Fed. R. Civ. P. 12(e) (emphasis added).
[26] *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Resources*, 313 F. Supp. 2d 648, 653 (N.D. Tex. 2004).
[27] Rec. Doc. 7.