UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MANUEL FERNANDEZ VARGAS           CIVIL ACTION

VERSUS           NO. 25-214-SDD-SDJ

SPECIALTY INDUSTRIAL, LLC

---

## ORDER

Before the Court is a Motion to Compel (R. Doc. 19) filed by Plaintiff Manuel Fernandez Vargas on October 17, 2025. In his Motion, Plaintiff seeks an order compelling Defendant Specialty Industrial, LLC, to fully respond to interrogatories and requests for production previously propounded by Plaintiff.[1] No response to this Motion has been filed, and the deadline for doing so has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers Plaintiff's Motion unopposed.

**I.    Plaintiff's Discovery Requests**

Pursuant to Federal Rules of Civil Procedure 33 and 34, a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers and objections, if any, to such discovery requests within thirty days after service of the requests. *Nisiewicz v. Lovett*, No. 11-159, 2012 WL 170177, at *1 (M.D. La. Jan. 19, 2012), citing Fed. R. Civ. P. 33 and 34. If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Federal Rule of Civil Procedure 37. *See, e.g., Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. 20-813, 2021 WL 2006297 (M.D. La. May 19, 2021).

---

[1] R. Doc. 19 at 1.

Here, as alleged by Plaintiff, on June 30, 2025, he served interrogatories and requests for production on Defendant.[2] Pursuant to Federal Rule of Civil Procedure 34 (b)(2)(A), Defendant was required to respond to the discovery requests within 30 days of service. When no responses where received, Plaintiff's counsel emailed defense counsel on August 5, 2025, setting a Rule 37 conference for August 8, 2025.[3] Defendant did not attend the conference.[4] Plaintiff's counsel then called defense counsel on August 11, 2025, to attempt to resolve the outstanding discovery issues and sent an email that same day saying a Motion to Compel would be filed if a response was not received the following day.[5] Defendant responded the following day, August 12, 2025, via email, stating: "If you can give me one more day, I should have responses."[6] No responses were received.[7]

On August 14, 2025, Plaintiff's counsel emailed defense counsel again, informing him that Plaintiff was filing a Motion to Compel in light of case deadlines.[8] Plaintiff then filed his first Motion to Compel on August 14, 2025.[9] No opposition to the first Motion to Compel was filed. The Court, on October 8, 2025, denied Plaintiff's Motion to Compel without prejudice for his failure to include a Rule 37 certificate.[10] Plaintiff's counsel then emailed defense counsel again on October 13, 2025, scheduling another meet and confer for October 17, 2025.[11] Defense counsel did not participate in the meet and confer.[12] To date, Defendant has not provided any responses to Plaintiff's discovery requests.

---

[2] R. Doc. 19-1 at 2.
[3] R. Doc. 19-5 at 2; R. Doc. 19-10 at 2.
[4] R. Doc. 19-10 at 2.
[5] *Id.*; R. Doc. 19-6 at 2.
[6] *Id.*; R. Doc. 19-7 at 2.
[7] *Id.* at 3.
[8] *Id.*
[9] R. Doc. 15.
[10] R. Doc. 17.
[11] R. Doc. 19-9 at 2.
[12] R. Doc. 19-10 at 3.

As stated above, Defendant has not filed an opposition to this Motion to Compel, and the deadline for doing so has passed. Thus, the Court considers this Motion unopposed. In addition, according to the information provided by Plaintiff, Defendant requested "one more day" to complete responses, which request was granted.[13] As such, the Court will grant Plaintiff's request and order Defendant to respond fully to Plaintiff's Interrogatories and Requests for Production **within 14 days** of the date of this Order. Additionally, as requested by Plaintiff, any objections Defendant may have had to Plaintiff's discovery requests, save for attorney-client privilege, have been waived. *See Aubin v. Columbia Cas. Co.*, No. 16-290, 2017 WL 1682661, at *6 (M.D. La. Apr. 25, 2017) (recognizing and adhering to the "general rule" that "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived").

## II.     Award of Expenses

In addition, Plaintiff seeks "an attorney fee award" of $1,000.00.[14] As set forth in Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party's reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action; that the party's nondisclosure, response, or objection was substantially justified; or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Defendant failed to respond not only to Plaintiff's efforts to obtain the requested discovery responses, but also to the instant Motion to Compel. Moreover, the record indicates that none of the statutory exceptions to an award of expenses applies.

---

[13] R. Doc. 19-7 at 2.
[14] R. Doc. 19-1 at 4.

Although seeking expenses associated with filing this Motion, Plaintiff has not filed anything in the record demonstrating the amount of expenses incurred, though he does request a specific amount, $1,000.00. Defendant has been given an opportunity to be heard but has not opposed Plaintiff's request for an award. Given Defendant's failure to provide any discovery responses and the clear language of Rule 37, the Court finds an award of some amount is justified.

This Court has previously awarded a $500 lump sum where the responding party failed to provide any discovery responses, and the movant did not provide evidence of its actual costs and fees. *Shelton v. Landstar Ranger, Inc.*, No. 22-337, 2023 WL 1425321, at *2 (M.D. La. Jan. 31, 2023). As in the current matter, *Shelton* involved multiple discovery failures as well as a failure to respond to the motion to compel. *See id.* ("Plaintiff has failed to respond not only to Defendants' efforts to obtain the requested discovery responses, but also to the instant Motion to Compel . . . . Defendants, therefore, are entitled to reasonable expenses . . . . [H]owever, [they] did not file anything in the record demonstrating the amount of expenses and attorneys' fees incurred . . . . A review of the Motion and supporting memorandum supports the conclusion that an award of $500.00 is reasonable."). A review of the instant Motion and supporting memorandum within this context supports the conclusion that an award of $500 is reasonable.

Accordingly,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 19) filed by Plaintiff Manuel Fernandez Vargas is **GRANTED**. **Within 14 days** of the date of this Order, Defendant Specialty Industrial, LLC, is ordered to provide complete written responses to the Interrogatories and Requests for Production of Documents propounded to it on or about June 30, 2025.

**IT IS FURTHER ORDERED** that, pursuant to Rule 37(a)(5)(A), Defendant is ordered to pay Plaintiff reasonable expenses in the amount of $500 **within 14 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on December 5, 2025.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**